STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, ss                           CIVIL ACTION
                                        DOCKET NO. CV-13-08
                                        KMC - PEN - 5/7...


GRETCHEN HELDMANN
     Petitioner/Plaintiff

v.

MAINE DEPARTMENT OF TRANSPORTATION
     Respondent/Defendant
and

TED TALBOT

and

DAVID BERNHARDT[1]

                          DECISION

     Petitioner/Plaintiff (hereinafter Plaintiff) filed an
appeal from a Freedom of Access request to the Maine
Department of Transportation (hereinafter MDOT). It is
alleged that Plaintiff was the subject of a *de facto* denial
on January 11, 2013. Plaintiff seeks a Declaratory
Judgment of her rights in this matter.

     The Defendant has filed a Motion to Dismiss and both
sides have filed briefs. The Motion was argued to the
Court on April 26, 2013. At the Motion argument, Plaintiff
stipulated to dismissal of her claims for relief (1) that
MDOT submit records responsive to Plaintiff's December 3,
2012, request for *in camera* inspection; (3) that the Court
order disclosure of the public records within the scope of
Plaintiff's original request; (8) a determination of the
confidentiality of the records sought; and (10) the Court
enjoin MDOT from further violations of the Freedom of
Access Act.

---

[1]   In Petitioner/Plaintiff's response to Defendant's Motion
to Dismiss, as confirmed at the April 26th argument on the
Motion to Dismiss, Plaintiff agreed to the dismissal of Ted
Talbot and David Bernhardt as Defendants and they are
hereby dismissed as parties.

1

At the Motion hearing, the Court understood from counsel that the requested records had been provided and the only issue was the entitlement of Plaintiff to have counsel fees paid her counsel by the Defendant pursuant to 1 M.R.S. § 409(4).

## Award of Attorney's Fees

By statute the award of attorney's fees and litigation expense by the Court is discretionary. An award requires a determination by the Court that the Plaintiff has substantially prevailed with regard to a refusal or denial to inspect or copy records, 1 M.R.S. § 409(1), or the taking of illegal action in executive session. *Id.* § 409(2). From the presentation of the parties, Section 409(2) does not apply.

Assuming the Court determines there was a refusal or denial to inspect or copy records, the Court must then determine if the refusal was committed in bad faith.

## FACTUAL CHRONOLOGY

From the pleadings and argument of counsel the Court finds the following chronology:

December 3, 2012 — A request on behalf of the Plaintiff to inspect and copy MDOT records, acknowledging Plaintiff is to be notified if the cost estimate is more than $20[2] *before proceeding.*

December 7, 2012 — Letter from DOT Chief Counsel acknowledging document request and estimating it would take 2 weeks within which a response would be made.

December 11, 2012 — Letter from DOT Chief Counsel estimating cost of copying and production of $400 and asking for directions on how to proceed.

December 14, 2012 — Letter from Plaintiff's counsel to MDOT asking for an explanation/justification of estimated cost before Plaintiff can decide how to proceed.

December 24, 2012 — e-mail from DOT Chief Counsel to Plaintiff's counsel advising that $400

---

[2]  1 M.R.S. 408-A(9) speaks of a cost greater than $30.

was based on an estimate of 27 hours at $15 per hour.

January 4, 2013 — Letter from Plaintiff's counsel to MDOT Chief Counsel reflecting confusion on how MDOT arrived at estimate of $400 and contesting MDOT's methodology.

## DISCUSSION

Plaintiff argues that the MDOT's failure to provide access to inspect or copy the requested documents within 5 business days, 1 M.R.S. § 408A(4), is a sanctionable violation or an illegal action entitling Plaintiff to attorney's fees. 1 M.R.S. § 409(4). Plaintiff argues that the failure of MDOT to either provide the records or formally deny the request constitutes a 'de facto' denial that supports their appeal and seeks an award of attorney's fees. In support of this proposition they cite *Cook v. Lisbon School Committee*, 682 A.2d 672 (Me. 1996). The *Cook* case holds, in part, that a failure to deny a document request has the effect of giving the requesting party 30 days from the due date of the denial to file an appeal under Section 409. *Id.* at 679, n.2.

The question is, assuming there was a 'de facto' denial of this document request, when did it take place? The *Cook* court held that "the failure to respond in the time period established by Section 409 'is deemed a denial of the request for the documents.'" *Id.* at 679. Assuming the facts show a 'de facto' denial of the document request, the *Cook* court confirmed that the eventual production of the documents (as was done here by MDOT) does not alter the fact that the statute was violated. *Id.*

In *Cook*, the School Committee did nothing to respond to the document request. In this case, the attachments to the complaint and argument of counsel confirm that the MDOT did respond to the request by letter dated December 7th which was within a reasonable period of time required by statute, Section 408-A(3), and estimated a fuller response in two weeks (i.e. by December 21st) also as permitted by statute. MDOT neither denied the request nor provided the documents by December 21st.

Plaintiff argues that it was aggrieved by MDOT's failure to either provide the documents or deny her request to inspect and that MDOT's failure to act amounted to a 'de facto' denial of the request. That is, they would argue

3

that the failure of MDOT to respond to the document request by the time limits set out in Sections 408-A and 409 is deemed a denial of the document request for purposes of Section 409. *Cook*, 682 A.2d at 679. Assuming the validity of that argument, the only conclusion can be that the denial took place on December 21, 2012. This argument assumes that MDOT was acting outside of the requirements of the Freedom of Access statute.

Following the reasoning in *Cook*, if the document request was due on December 21st (the time period identified by MDOT in its December 7th letter), then the Plaintiff had 5 days (plus 3 for mailing (See M.R. Civ. P. 6(c)) to file an appeal from that *'de facto'* denial. However *Cook* instructs that one ignores the 5-day appeal period and uses a 30-day appeal period (plus 3 for mailing). That would have been January 23, 2013, as the date by which the appeal had to be filed in Superior Court.

The appeal was filed on February 11, 2013. It was not timely filed.

### Further Discussion

Even assuming the appeal had been timely filed, Plaintiff has other problems in pressing this appeal. MDOT is obligated by statute to advise the requesting party of the time to be invested in gathering the documents and the total cost. 1 M.R.S. § 408-A(9). It is required to do that "before proceeding". It is unclear if "before proceeding" means that is not required to do anything until it hears back from the requesting party, or simply proceed once it has advised the cost and time estimates? However in this instance that is a moot point since the statute goes on further to say that if the estimate is over $100 (here it was $400) the agency "may" ask for that money up front before it has to search, retrieve or copy any documents. *Id.* § 408-A(10).

In this instance, the MDOT reasonably asked the requesting party, once the estimate was provided, do you want to proceed given the cost? Plaintiff asks the Court to conclude that this inquiry should be taken as evidence of bad faith on the part of MDOT. The Court declines to do so[3] in the context of awarding attorney's fees.

_____

[3] Plaintiff's counsel requests a trial de novo. The statute, Section 409(1), only provides for the Court to

4

In this instance, Plaintiff asks the Court to interpret the MDOT's response of a time estimate and a cost estimate as required by the statute as evidence of bad faith. *Id.* § 409(4). The Court declines to do that. The Statute obligates the agency (MDOT) to provide a cost and time estimate, Section 408-A(9), which it did. The Plaintiff was 'confused' or unhappy with the agency estimate and asks the Court to find that to be evidence of bad faith. *Id.* § 409(4). The Court declines to do so. The statute does not require the agency to justify or identify the component parts of its estimates to the satisfaction of the Plaintiff, only that it give estimates which it did in compliance with the Statute. It is for the legislature to determine the depth and breadth of the information an agency needs to supply to a party requesting documents, beyond the estimate of time and cost. This Court will not go beyond what the Statute requires by its existing language where that language is unambiguous and clear in its meaning.

The Court is not persuaded on the record presented that the action of MDOT in responding to Plaintiff's document request under the Freedom of Access Statute represents either an illegal action, that is an action inconsistent with the Freedom of Access Statute, or a refusal, *de facto* or otherwise, to provide documents as required by the Freedom of Access Statute.

The entry will be:

1. Motion to Dismiss **GRANTED** due to:
   a. Failure of the Plaintiff to file a timely appeal; and
   b. Failure of the Plaintiff to demonstrate that MDOT engaged in a refusal (*de facto* or otherwise) to provide documents or in illegal action in violation of the Freedom of Access Statute.

May 7, 2013

Kevin M. Cuddy
Justice, Superior Court

---

determine whether a denial was for just and proper cause in connection with ordering disclosure. Given that there has been disclosure this issue and argument are moot.

5

GRETCHEN HELDMANN  - PLAINTIFF
439 MAIN ROAD
EDDINGTON ME 04428
Attorney for: GRETCHEN HELDMANN
ERIC MEHNERT  - RETAINED
HAWKES & MEHNERT
6 STATE STREET SUITE 600
BANGOR ME 04402

Attorney for: GRETCHEN HELDMANN
LOGAN E PERKINS  - RETAINED
HAWKES & MEHNERT
6 STATE STREET SUITE 600
BANGOR ME 04401


vs
TED TALBOT  - DEFENDANT
16 STATE HOUSE STATION
AUGUSTA ME 04333
Attorney for: TED TALBOT
JASON PAUL DONOVAN  - RETAINED
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

DAVID BERNHARDT  - DEFENDANT
16 STATE HOUSE STATION
AUGUSTA ME 04333
Attorney for: DAVID BERNHARDT
JASON PAUL DONOVAN  - RETAINED
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

MAINE DEPARTMENT OF TRANSPORTATION - DEFENDANT
16 STATE HOUSE STATION
AUGUSTA ME 04333
Attorney for: MAINE DEPARTMENT OF TRANSPORTATION
JASON PAUL DONOVAN  - RETAINED
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: FREEDOM OF ACCESS
Filing Date: 01/11/2013

## Docket Events:

01/15/2013 FILING DOCUMENT - COMPLAINT FILED ON 01/11/2013

01/15/2013 Party(s): GRETCHEN HELDMANN
           ATTORNEY - RETAINED ENTERED ON 01/11/2013